IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GEORGE CLIFFORD KNIGHTS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   CIVIL NO. 10-cv-041-MJR |
| | ) |
| **JORGE MONTES, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff George Clifford Knights, currently an inmate in the Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Knights seeks declaratory and injunctive relief with respect to his recent denial of parole by the Prisoner Review Board ("PRB").

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which

relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

**THE COMPLAINT**

Knights was convicted of the July 17, 1970, murders of two police officers in Chicago, for which he is serving two concurrent terms of 100-199 years. *See People v. Veal*, 374 N.E.2d 963 (Ill.App.1 Dist. 1978). On May 21, 2008, a parole hearing was conducted by Defendant Althoff. Prior to that hearing, Knights submitted a request for access to all protest letters and opposition materials submitted to the PRB, but that request was denied. At the hearing, Knights asked Althoff if anyone had appeared before the PRB objecting to his release on parole; Althoff answered in the affirmative. Following the hearing, a decision was issued May 29, 2008, denying parole to Knights. Knights filed a request for rehearing on September 26, 2008, which was denied on June 26, 2009. Knights now contends that his rights were violated in several ways during these proceedings:

- denial of access to his parole file
- denial of right to challenge evidence considered by the PRB
- reliance on non-judicial information
- arbitrary and disparate treatment
- rationale for denial of parole was unconstitutional
- denial of equal protection
- improper weight given to particular factors

**DISCUSSION**

The Constitution itself does not create a right to parole release, but if state statutes and regulations limit the discretion of the state to deny parole, a liberty interest may be created; such an interest may be protected by the due process clause of the fourteenth amendment. *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1 (1979). *See also Thompson v. Veach,* 501 F.3d 832, 836 (7th Cir. 2007). In Illinois, the relevant statute provides that:

> The Board shall not parole a person eligible for parole if it determines that:
> (1) there is a substantial risk that he will not conform to reasonable conditions of parole; or
> (2) his release at that time would deprecate the seriousness of his offense or promote disrespect for the law; or
> (3) his release would have a substantially adverse effect on institutional discipline.

730 ILCS 5/3-3-5(c).

The Seventh Circuit has held that the Illinois parole statutes do not create a legitimate expectation of parole that would support a due process claim. *Heidelberg v. Illinois Prisoner Review Bd.,* 163 F.3d 1025, 1027 (7th Cir. 1998), *cert. denied*, 120 S.Ct. 382, 528 U.S. 955 (1999). *See also Thompson v. Veach,* 501 F.3d 832, 836 (7th Cir. 2007); *Hanrahan v. Williams*, 174 Ill.2d 268, 673 N.E.2d 251, 255-56 (1996) (no legitimate expectation of release under Illinois parole statute).

As stated by the Illinois Supreme Court,

> The statutory provisions provide criteria under which the Board must deny parole. The statutory provisions do not, however, state when the Board must grant parole. *Heirens v. Mizell*, 729 F.2d 449, 465 (7th Cir. 1984) (neither statutory scheme nor rules provide for circumstances under which the Board would be required to grant parole). The Board is free to consider any available relevant information to make its determination to grant or deny parole. 20 Ill.Adm.Code § 1610.50(b) (1992-93). Further, the rules expressly provide that parole is granted "as an exercise of grace and executive discretion" (20 Ill.Adm.Code § 1610.50(a) (1992-93)), and Illinois

> courts have consistently held that parole is not a right *(People v. Hawkins*, 54 Ill.2d 247, 252, 296 N.E.2d 725 (1973); *People ex rel. Jones v. Brantley*, 45 Ill.2d 335, 337-38, 259 N.E.2d 33 (1970); *People ex rel. Castle v. Spivey*, 10 Ill.2d 586, 594-95, 141 N.E.2d 321 (1957); *People ex rel. Richardson v. Ragen*, 400 Ill. 191, 201, 79 N.E.2d 479 (1948); *People v. Nowak*, 387 Ill. 11, 14, 55 N.E.2d 63 (1944)).
>
> We believe that Illinois' statutory criteria and the Board's rules do not provide standards for release on parole sufficiently objective to allow a court to evaluate the Board's decision to deny parole. *We thus conclude that the legislature, in drafting the statutory language, intended the Board to have complete discretion in determining whether to grant parole when the denial of parole is not mandated by statute*.

*Hanrahan*, 174 Ill.2d at 276 (emphasis added).

The basis for denial of Knights's parole request is clearly stated in the PRB's decision:

> File information revealed that Mr. Knight's institutional adjustment has been marginal. Mr. Knights has had 3 major disciplinary reports since his last appearance before the board. If Knights were to be paroled, he would like to live with his Brother, Son, or Daughter. He has a standing job offer as a paralegal with the Law Firm of Jeffery Steinbeck.
>
> After reviewing and considering Knight's file, along with statements made during his hearing on May 21, 2008, the board has voted to deny his parole. The board continues to be bothered by the nature of his conduct in the instant offense and feels that a release at this time would deprecate the seriousness of his crime and would promote disrespect for the law. The board also feels that he would be a poor parole risk. The Board also finds under the authority of 730 ILCS 5/3-3-5 that it is not reasonable to expect parole to be granted prior to May 2011 and, therefore, continues your parole eligibility hearing to that docket.

Exhibit F (Doc. 1-26).

Because the Illinois statute does not create a protected liberty interest in the grant of parole, this Court cannot find that any of Knights's federal or state constitutional rights were violated in this

parole proceeding. The PRB is vested with complete discretion in whether to grant parole, and this Court must follow the state's highest court's interpretation of its own state law. *Heidelberg*, 163 F.3d at 1027.

### DISPOSITION

In summary, the complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Knights is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED this 30th day of August, 2010.**

> **s/ Michael J. Reagan**
> **MICHAEL J. REAGAN**
> **United States District Judge**